**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re: Charles Williams III** | ) | **21-14066** |
| | ) | |
| | ) | **Judge David D. Cleary** |
| | ) | |

**Response to Debtor's Motion Modify Plan**

Now comes Marilyn O. Marshall, by and through her attorney, Yanick Polycarpe, and objects to debtor's Motion to Modify Plan, stating as follows:

**Background**

On December 13, 2021, the instant case was filed under Chapter 13 of the Bankruptcy Code. Debtor's original schedule I stated debtor had total monthly net income of $4,360.04, expenses of $3,184 and total available income to fund the plan of $1,176.04. See Dkt. 1. Debtor later amended his schedule to increase expenses to $3,631, leaving only $403.30 available to fund the plan. See Dkt. 27. Trustee filed an objection to confirmation April 6, 2022, requesting plan payments of $625.00 per month for 36 months, and 100% to general unsecured creditors. See Dkt. 35. Trustee objected to the increased expenses, including two separate entries for disability insurance totaling $555.74. In his reply, debtor specifically stated "the Debtor has increased his insurance coverage to protect against future interruptions in his ability to perform under the Chapter 13 Plan." See Dkt entry 37, page 5 of 7.

Debtor ceased making plan payments. The last receipt to the Chapter 13 Trustee was $400 on September 26, 2022. Debtor made only 9 of the required 60 plan payments. On December 28, 2022, Trustee filed a motion to dismiss for failure to make plan payments, alleging a $1,200.00 payment default. See Dkt. 44  On January 9, 2023, debtor filed a motion to modify plan. See Dkt. 45. Debtor's motion to modify plan alleged that the debtor's disability insurance

expired 4 months after debtor's surgery, that the debtor had an earliest anticipated return to work date of 2/22/2023, requesting payments be suspended and offering to increase plan payments to $445 to address feasibility issues.

At the January 20, 2023, original hearing on both motions, Debtor's counsel indicated that the debtor disagreed with the allegation that he could resume payments in March. Counsel for the debtor went on to state the debtor believed maybe May 2023 to be a more realistic start date, contradicting the allegations made in the motion to modify plan. Trustee objected to the motion to modify as speculative, factually inaccurate, not supported with schedules to demonstrate debtor's ability to make increased payments and not accompanied by any attempt at good faith funds.

As of February 1, 2023, the default in plan payments is $1,600.00. Trustee has received no funds since September 2022. The plan is currently running 63 months from filing. No funds have been disbursed to creditors, $3391.00 has been paid on attorney fees and there is a balance of $933.80 owed on attorney fees.

## Argument

Debtor has failed to meet the burden of proof to support his motion to modify plan. Counsel's own comments on the record indicate that the motion is not well founded. The debtor has failed to establish any likelihood that the debtor will be able to make all payments under the plan and to comply with the plan as required by 11 USC §1325(a)(6). Debtor's counsel admitted on the record that the debtor himself does not agree with the motion presented. The motion seems to merely be an attempt to forestall dismissal, cause unnecessary delay, and increase the cost to the Trustee is spending for attorney time to respond to the motion. The motion appears frivolous and is not likely to have evidentiary support. While debtor's counsel could argue that

new information came to light after the filing of the motion, his continued presentation and advocating of a motion not supported by facts or evidence is not in good faith.

The debtor has failed to establish that he is putting his best effort towards successful completion of this plan. At the time of confirmation, debtor claimed to have two forms disability insurance. Debtor has provided no information as to how much he received in income from each disability insurance provider or why the distributions stopped after only 4 months.  No amended schedules accompany the motion, which claims the debtor can resume payments at an increased amount if the default is waived. The failure to make any payment is especially glaring in light of the allegation at confirmation that debtor had sufficient disability insurance coverage to ensure he would continue to make plan payments.

While it may appear the debtor is proposing 100% distribution, full payments to creditors is unlikely. Debtor received a Chapter 7 discharge in the year 2000, 2008 and 2017. It appears to be a pattern of incurring debt and getting a chapter 7 discharge as soon as he is eligible. This does not appear to be the pattern of an honest but unfortunate debtor. Debtor will be eligible for another Chapter 7 discharge prior to the expiration of the 60-month term.

## Conclusion

Debtor has presented no basis to proceed with the motion to modify plan before the Court. Wherefore, the Trustee respectfully requests that debtro's motion to modify plan be denied

Respectfully submitted,
/s/ Yanick Polycarpe _____
for Marilyn O Marshall, Trustee