# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-14066 |
| | ) | |
| Charles Williams III | ) | Hon. David D. Cleary |
| | ) | |
| | ) | Chapter 13 |
| Debtor, | ) | |
| | ) | |

## Notice of Reply to Trustee's Response

**To:**   Marilyn O. Marshall, Chapter 13 Trustee, 224 South Michigan, Suite 800, Chicago, IL 60604

Office of the US Trustee, 219 South Dearborn, Suite 873, Chicago, Illinois 60604

**PLEASE TAKE NOTICE** that on the 10th of February, 2023 this Reply to Trustee's Response was filed electronically with the Bankruptcy Clerk. I certify that I caused this notice to be delivered to the above-listed persons by electronically filing it with the Bankruptcy Clerk on February 10, 2023.

/s/ *Dale Riley*
Dale Riley

## Debtor's Reply to Trustee's Response

NOW COMES the Debtor, Charles Williams III (hereinafter "the Debtor"), by and through Dale A. Riley, one of his attorneys at Geraci Law L.L.C. and hereby submits his Reply to Trustee's Response and states as follows:

I. **Background**

The Debtor's Chapter 13 Plan was confirmed on 5/9/2022 with regular monthly payments of $400, a minimum unsecured dividend of 100% and a requirement that allowed unsecured claims be paid 2% interest. This followed written briefing between the Debtor and the Standing Trustee, Marilyn O. Marshall (hereinafter "the Trustee") that resulted in a recommendation from the Trustee without direct evidentiary hearings before this Court. The Debtor had hip replacement surgery shortly thereafter and made payments to the Chapter 13 Trustee directly via insurance proceeds he received for the subsequent 4 months.

Due to medical complications the Debtor has yet to return to work and is still receiving medical treatments for the same. He initially provided his attorneys documentation suggesting the earliest possible return to work date being in March of 2023, at which point his attorneys filed the present motion to modify his plan. Following the filing of that motion he provided his attorneys with additional documentation and information suggesting that additional relief may be needed depending on the outcome of additional medical procedures. At the initial presentation of the motion the Trustee's counsel objected to his motion and this Court continued the matter for writings from the parties.

II. **Discussion**

The Trustee's response raises several objections to the Debtor's motion: A failure to establish a likelihood of payments under the plan, ambiguity on when or whether the Debtor will return to work, a lack of evidentiary support and lack of information on why the Debtor's insurance distributions stopped after 4 months.

**A. Establishing Likelihood of Payments**

The Debtor respectfully believes that his payments while receiving disability insurance and his attempts to modify his Chapter 13 Plan are indicia of his good faith. Were he attempting to delay or hinder his creditors it would not have made sense to make payments to the Chapter 13 Trustee out of limited disability insurance funds. The Debtor made payments so long as he had the ability to, has been unable to make payments now that his insurance benefits have expired and is now attempting to modify his Chapter 13 Plan to account for his inability to make payments until he is able to resume them. This exact kind of relief has been envisioned when discussing relief under 11 U.S.C. § 1329.[i]

The Debtor's plan still provides for payment in full of his allowed unsecured creditors, including interest because of the equity in his residence. The Trustee's response implies that the Debtor is attempting to remain in the Chapter 13 Plan until he is next eligible for a Chapter 7, but that ignores the fact that his residence has an estimated worth of $258,000 with a total estimated encumbrance of only $121,960. Were the Debtor to take this approach then a Chapter 7 Trustee would almost certainly liquidate his residence for the benefit of his creditors.

**B. Ambiguity of When or Whether the Debtor will Return to Work**

At the time that the Debtor initially contacted his attorneys the clearest document he provided regarding a potential return to work was the document attached to his original motion. See attached Exhibit A. That document states that the Debtor may not work until 2/22/2023. Since that date the Debtor has provided his attorneys additional documents from his doctors showing the treatment process which he is scheduled to begin on 2/14/2023. See attached Exhibit B. This documentation shows that there are additional

follow-up appointments after the initial consultation and ultrasound that will assess whether the Debtor is able to return to work at that time. After the initial ultrasound and the trunk treatments there are additional appointments scheduled at 1 week and 4 weeks afterwards, with subsequent potential appointments at 3, 6 and 12 months depending on the Debtor's progress.

Based on that timeline the Debtor believes that his initial request is still a valid one, since it is known why he fell behind on payments and that he still cannot resume work through at least February. Based on the information now available, the Debtor respectfully believes that granting his motion but continuing the Trustee's motion for a status date in late March would be appropriate. That would allow him to update his counsel based on his doctor's findings and file any additional motion to modify that may be appropriate based on the same, depending on when he is cleared to resume work.

### C. Lack of Evidentiary Support

The Debtor respectfully disagrees with the Trustee's assertion that there is a lack of evidentiary support for his motion. The Debtor's motion to modify plan included an exhibit demonstrating that he was deemed not eligible for work pursuant to a doctor's visit. The Debtor and his counsel have attempted to limit the number of exhibits filed in the initial presentation of his motion out of concerns for his privacy as well as brevity, but the Debtor has provided extensive documentation of his condition to his counsel. The Debtor is willing to provide these documents on PACER as deemed necessary by this Court and is willing to testify regarding the same, although his current medical condition is such that he would respectfully request that any testimony be allowed to take place via Zoom.

**D. Disability Insurance Expiration**

The Debtor's disability insurance was the topic of writings by both parties at the confirmation of his case. The Debtor had several policies that covered instances of specific pre-existing conditions and a broader short-term disability policy, which he utilized to maintain his Chapter 13 Plan payments when he was initially off of work. The only reason that his payments stopped after that point was that his condition is not one covered by his more specific policies and that he reached the maximum benefit level for that policy. See attached Exhibit C.

**III. Conclusion**

The Debtor is attempting to modify his Chapter 13 Plan to account for his temporary inability to make payments, due to his medical leave from work and the expiration of his insurance benefits. He believes that once he is medically cleared to return to work he will be able to pay his creditors in full with interest. He made regular payments to the Chapter 13 Trustee before his benefits expired and, should this motion to modify be granted, he will resume payments once he is back to work.

WHEREFORE the Debtor prays that his motion to modify his Chapter 13 Plan be modified, that the Chapter 13 Trustee's motion to dismiss be continued for a further status date in late March of 2023 and that if this Court deems any further relief as proper then an order for that same relief be entered.

Respectfully Submitted: <u>Charles Williams III</u>

By: <u>*/s/ Dale A. Riley*</u>
Dale A. Riley

Geraci Law L.L.C.
Attorneys for Debtor
55 E. Monroe St., Suite 3400
Chicago, IL 60603
Ph: 888-844-0111
Fax: 877-277-1960
Email: ndil@geracilaw.com

---

[i] Collier on Bankruptcy paragraph 1329.04 (16th Ed. 2017): "Section 1329(a)(2) provides that the confirmed plan may be modified so as to extend or shorten the time within which payments on one or more classes of claims were to have been made under the previously confirmed plan, but any protraction of the extension period during which distributions were to have been made to creditors may not extend the period over which the debtor is required to make payments under the plan in contravention of section 1329(c). Thus, for example, the court may suspend payments temporarily."